### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**CALVIN PERRY,**

Plaintiff,

v.

Civil Action No. **3:20CV206**

**K.M. DOBYNS,** *et al.*,

Defendants.

### MEMORANDUM OPINION

Calvin Perry, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.  By Memorandum Order entered on July 27, 2020, the Court directed Perry to file a Particularized Complaint.  (ECF No. 11.)  In the Court's July 27, 2020 Memorandum Order, the Court warned Perry that if he failed to submit an appropriate Particularized Complaint that comported with the joinder requirements as set forth in the Memorandum Order, the Court would drop all defendants not properly joined with the first named defendant.  (*Id.* at 2–3.)  Perry filed a Particularized Complaint.  (ECF No. 12.)  The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, Federal Rule of Civil Procedure 20(a),[1] and Perry's compliance with the Court's July 27, 2020 Memorandum Order.

---

[1] Federal Rule of Civil Procedure 20(a) provides:

> **(2) *Defendants.*** Persons . . . may be joined in one action as defendants if:
> **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> **(B)** any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

## I.   PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A.  The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).  The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)).  In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.  This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted).  Instead, a

plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," rather than merely "conceivable," *id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002), and *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.    JOINDER

The Federal Rules of Civil Procedure place limits on a plaintiff's ability to join multiple defendants in a single pleading. *See* Fed. R. Civ. P. 20(a). "The 'transaction or occurrence test' of [Rule 20] . . . 'permit[s] all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.'" *Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983) (quoting *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)). "But, Rule 20 does not authorize a plaintiff to add claims 'against different parties [that] present[] entirely different factual and legal issues.'" *Sykes v. Bayer Pharm. Corp.*, 548 F. Supp. 2d 208, 218 (E.D. Va. 2008) (alterations in original) (quoting *Lovelace v. Lee*, No. 7:03CV395, 2007 WL 3069660, at *1 (W.D. Va. Oct. 21, 2007)). "And, a court may 'deny

3

joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of [promoting convenience and expediting the resolution of disputes], but will result in prejudice, expense, or delay.'" *Id.* (quoting *Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 218 n.5 (4th Cir. 2007)).

In addressing joinder, the Court is mindful that "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). This impulse, however, does not provide a plaintiff free license to join multiple defendants into a single lawsuit where the claims against the defendants are unrelated. *See, e.g.*, *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Thus, "[a] buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner." *George*, 507 F.3d at 607.

"The Court's obligations under the PLRA include review for compliance with Rule 20(a)." *Coles v. McNeely*, No. 3:11CV130, 2011 WL 3703117, at *3 (E.D. Va. Aug 23, 2011) (citing *George*, 507 F.3d at 607).

> Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that these complaints have produced but also to ensure that prisoners pay the required filing fees.

*Id.* (citing 28 U.S.C. § 1915(g); *Showalter v. Johnson*, No. 7:08CV276, 2009 WL 1321694, at *4 (W.D. Va. May 12, 2009)).

### III.   SUMMARY OF ALLEGATIONS AND CLAIMS

In Perry's Particularized Complaint, he names three defendants: K.M. Dobyns, a Correctional Officer at Haynesville Correctional Center ("HCC"); S.W. Allen, the Institutional Hearings Officer at HCC; and, T.L Crichenberger, the Institutional Hearings Officer at Coffeewood Correctional Center ("Coffeewood").   (ECF No. 12, at 2–3.)[2]  Perry alleges as follows:

11.  Erroneous Conviction via Due Process Violation:  On July 2, 2019, Defendant K.M. Dobyns erroneously placed an institutional infraction against me [Offense Code #224, possession of contraband].  Defendant S.W. Allen found me guilty of said offense based on Defendant Dobyns report, i.e., during a shake down of my bed area.  Defendant Dobyns picked up my bottle of New Day cornstarch bath and shower powder that was clearly labeled as such and without any analysis or scientific confirmation, he sniff[ed] the powder and stated that the powder content was flour and that it smelled like parmesan cheese and not bath powder.

12.  Based solely on Defendant Dobyns's belief of an unreliable sniff, and no evidence, Defendant S.W. Allen convicted me of said offense.

13.  Defendant Allen denied my request for written documentary evidence, the analysis test, if performed was the dispositive item of proof, critical to my defense, because it would have substantiate[d] that the bath powder, was in fact, bath powder.

14.  As a result of this Due Process violation, I was removed from the veteran's pod, my institutional job was terminated, and my good conduct allowance was reduced from Class Level I to Class Level II.

15.  Denial of Requested Witnesses and Documentary Evidence:  On 11/18/2018, R. Pierce placed an institutional refraction against me [Offense Code #135: Solicitation of Staff Misconduct].   Defendant T.L Crichenberger found me guilty of said offense based on R. Pierce's report, i.e., On 11/18/2018, while I was working in the visitation room at Coffeewood Correctional Center, an officer in training (OIT), Ms. Speitner was being trained by Officer Roche.  I was working in another area of the visiting room, when I was informed that the OIT Speitner wanted to speak with me.  I went to her and asked, "What do you want?"  And she responded, quote: "Oh. I just wanted to know your name. I said, "Perry, but everyone calls me Cosmo."  And she said, "Where are you from?" And I responded, "Where are you from?"  And she said, "You don't suppose to ask me that."

---

[2] The Court employs the pagination assigned to the Particularized Complaint by the CM/ECF docketing system.  The Court corrects the capitalization, punctuation, spelling, and removes emphasis in quotations from the Particularized Complaint.

And I said, "You're the one who initiated the conversation, I only asked you 'what you asked me.'" I then resumed my work.

16. Thirty or forty minutes later, Capt. Martin summon[ed] me to his office and stated that Ms. Speitner had made a recorded report stating that I had asked her where she was from, and I said, "Yes, I did ask her that, after she asked me that question first." Captain Martin then said, "Well no charge can be written on that, but take the rest of the day off." Less than two hours later, Sgt. R. Pierce arbitrarily placed the above infraction against me, stating that I had asked OIT Speitner for her home address.

17. After the infraction was served, I immediately requested documentary evidence of the original report of OIT Speitner's statement on Capt. Martin's computer of 11/18/2018. Because said statement would have established that I did not ask Speitner for her home address, it would have shown that Speitner reported that I asked, "Where are you from?" as a retort to her same question to me.

18. Defendant Crichenberger denied my request for said documentary evidence. The denied report of 11/18/2018 contradicts the report infraction made by R. Pierce. The original incident report on Capt. Martin's computer does not allege that I said I asked Speitner for her home address. The documentary report states that I asked Speitner, "Where are you from?" Thus, the denied documentary evidence was the item of proof, critical to my defense.

19. Defendant Crichenberger denied Speitner the opportunity to testify in my behalf. Ms. Speitner is the main subject of this infraction and her testimony would have been relevant in my defense, because she would have testified that I did not ask her for her home address.

20. Defendant Crichenberger denied Officer Roche the opportunity to testify in my behalf. Ms. Roche's testimony is vital because Speitner originally reported what had occurred between her and I to Roche. Thus, Ms. Roche's testimony would have contradicted the infraction made by R. Pierce.

21. As a result of this fabricated infraction and due process violation, within twenty-four (24) hours of 11/18/2018, Capt. Martin had my visitation job immediately terminated, prior to my disciplinary hearing.

(ECF No. 12, at 4–7.) Perry alleges the following claims for relief:

Claim One:     "Defendants K.M. Dobyns and S.W. Allen . . . conspired and participated in direct active concert with each other by erroneously convicting the Plaintiff and denying the Plaintiff of his due process rights." (*Id.* at 7.)

Claim Two:     Defendant Crichenberger denied Perry "requested witnesses and documentary evidence" and violated Perry's due process rights. (*Id.* at 8.)

6

Perry seeks expungement of his institutional convictions, restoration of his employment, monetary damages, and declaratory relief. (*Id.* at 8–9.)

## IV. DISMISSAL OF IMPROPERLY JOINED CLAIM

The Court now proceeds with the analysis outlined in the July 27, 2020 Memorandum Order and "will drop all defendants not properly joined with the first named defendant."[3] (ECF No. 11, at 3.) The first named defendant in the Particularized Complaint is K.M. Dobyns. (ECF No. 12, at 2.) K.M. Dobyns is named in Claim One for an institutional infraction that occurred on July 2, 2019 at HCC. (*Id.* at 4.) Perry also names S.W. Allen in Claim One. Claim Two names a different Defendant, T.L. Chrichenberger, and involves an entirely different institutional infraction, at a different institution (Coffeewood), that occurred on November 11, 2018. Thus, it is apparent that Perry's causes of action do not arise "out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a). As such, permitting the joinder of Claims One and Two will not promote the objectives of Rule 20 or judicial efficiency. *See Jackson*, 2010 WL 724023, at *8 n.10. Perry's Particularized Complaint "comprises multiple law suits, rather than one suit." *Id.* at *8 (quoting *Canada v. Ray*, No. 7:08cv00219, 2009 WL 2448557, at *2 (W.D. Va. Aug. 10, 2009)).[4]

---

[3] "Such a procedure fosters the objectives of the Rules of Civil Procedure[] of expediting the resolution of disputes, without further squandering scarce judicial resources on 'disputes that are not structurally prepared to use those resources efficiently.'" *Jackson v. Olsen*, No. 3:09CV43, 2010 WL 724023, at *8 (E.D. Va. Mar. 1, 2010) (quoting *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279–80 (11th Cir. 2006)).

[4] Through the PLRA, Congress sought to ensure "that the flood of nonmeritorious [prisoner] claims does not submerge and effectively preclude consideration of the allegations with merit." *Jones v. Bock*, 549 U.S. 199, 203 (2007) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The requirement that inmates must pay the full filing fee for each separate suit, *see* 28 U.S.C. § 1915(b)(1), is one of the PLRA's key "reforms designed to filter out the bad claims and facilitate consideration of the good." *Id.* at 204. To allow an inmate, such as Perry, to "package [two] lawsuits into one complaint exempts him from such a cost, benefit analysis and thus undercuts the PLRA." *Canada*, 2009 WL 2448557, at *3.

Accordingly, Claim Two will be DISMISSED WITHOUT PREJUDICE because it is improperly joined. Defendant Chrichenberger will be DISMISSED from the action. Perry remains free to file Claim Two in a new complaint. Thus, the action proceeds solely on Claim One.

## V.    DUE PROCESS VIOLATION

The Due Process Clause applies when government action deprives an individual of a legitimate liberty or property interest. *See Bd. of Regents of State Colls. v. Roth,* 408 U.S. 564, 569–70 (1972). Thus, the first step in analyzing a procedural due process claim is to identify whether the alleged conduct affects a protected liberty or property interest. *Beverati v. Smith,* 120 F.3d 500, 502 (4th Cir. 1997) (citations omitted). To establish a state-created liberty interest, Perry "must make a threshold showing that the deprivation imposed amounts to an 'atypical and significant hardship' or that it 'inevitably affect[s] the duration of his sentence.'" *Puranda v. Johnson*, No. 3:08CV687, 2009 WL 3175629, at *4 (E.D. Va. Sept. 30, 2009) (alteration in original) (quoting *Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995)). If Perry makes this threshold showing, he must then identify the state regulatory or statutory language that creates a protected liberty interest in remaining free from such confinement. *See id.*

In Claim One, Perry contends that because of his institutional conviction, he "was removed from the veteran's pod, my institutional job was terminated, and my good conduct allowance level was reduced from Class Level I to Class Level II." (ECF No. 12, at 5.) Quite simply, Perry fails to allege facts that would implicate a protected liberty or property interest. "[C]hanges in a prisoner['s] location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges" do not implicate due process. *Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991). Inmates do not enjoy a constitutional right to be housed in a particular institution, much less a particular portion or unit of a correctional institution, and Perry fails to allege facts that plausibly suggest that his removal from the veteran's pod amounted

8

to an "atypical and significant hardship." *Cf. Puranda*, 2009 WL 3175629, at *4 (quoting *Sandin*, 515 U.S. at 484, 487); *see Knight v. Johnson*, No. 3:10CV648, 2011 WL 4101664, at *4–5 (E.D. Va. Sept. 14, 2011) (citation omitted) (explaining that "[p]lacement in a higher security classification or a higher security institution does not impose an atypical and significant hardship"). Second, Perry lacks a constitutional entitlement to a particular prison job. *See Aldizer v. Paderick*, 569 F.2d 812, 812 (4th Cir. 1978); *Adams v. James*, 784 F.2d 1077–1079 (11th Cir. 1986).

Finally, Perry lacks a protected liberty interest in maintaining a particular classification level or entitlement to housing in a lower security classification. *See Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir. 1994) (citing *Hewitt v. Helms*, 459 U.S. 460, 468 (1983)); *Knight v. Johnson*, No. 3:10CV648, 2011 WL 4101664, at *4 (E.D. Va. Sept. 14, 2011) (citations omitted). Rather, "it is well established that Virginia inmates do not enjoy a protected liberty interest in the rate at which they earn either Earned Sentence Credits or Good Conduct Allowances." *Sydnor v. Mahon*, No. 3:10CV780, 2012 WL 604039, at *4 (E.D. Va. Feb. 23, 2012) (citations omitted);[5] *see James v. Robinson*, 863 F. Supp. 275, 278 (E.D. Va. 1994), *aff'd by* 45 F.3d 426 (4th Cir. 1994). Accordingly, Perry cannot maintain a due process claim based on any decision to reduce the rate at which he earns sentencing credit based upon his institutional conviction.

Because Perry fails to allege facts indicating that Defendants' action resulted in the deprivation of a protected interest, he does not state a due process claims. Accordingly, Claim One will be DISMISSED.

---

[5] Since January 1, 1995, Virginia inmates incarcerated for felony offenses fall under the Earned Sentence Credit system. *See Puranda v. Johnson*, No. 3:08CV687, 2009 WL 3175629, at *1 (E.D. Va. Sept. 30, 2009 (citing Va. Code Ann. § 53.1–202.2 (2008)). The Earned Sentence Credit system "replaced the prior system of sentence credits which awarded Good Conduct Allowances." *Id.* at *1 n.3 (citing Va. Code Ann. § 53.1–199).

## VI.  CONCLUSION

Claim Two will be DISMISSED WITHOUT PREJUDICE because it is improperly joined.

Defendant Chrichenberger will be DISMISSED from the action.  Perry remains free to file Claim

Two in a new complaint.  Claim One will be DISMISSED.  The Clerk will be DIRECTED to note

the disposition of the action for purposes of 28 U.S.C. § 1915(g).

The Clerk is DIRECTED to send the Memorandum Order to Perry.

It is so ORDERED.

Date: 26 October 2020
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge